UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-1676(PLF) |
| MADONNA ACQUISITION COMPANY, INC., d/b/a MADONNA HEALTHCARE CENTER a/k/a MADONNA NURSING CARE CENTER, | ) ) ) ) ) | |
| Defendant. | ) ) | |

SCHEDULING ORDER

The parties appeared for a meet and confer status conference on December 19, 2005. At that time discovery was stayed pending settlement discussions between the parties. Based upon the joint status report submitted by the parties on February 21, 2006 requesting that discovery go forward, the attached joint discovery schedule originally filed with the Court as the parties November 30, 2005 Local Civil Rule ("LCvR") 16.3 report, and the representations of the parties that they wish to proceed on the schedule originally suggested in their November 30, 2005 LCvR 16.3 report, it is hereby ORDERED that

1. Discovery shall be completed by February 25, 2006. Counsel must resolve all discovery disputes or bring them to the Court's attention in a timely manner so as to allow sufficient time for the completion of discovery by this date.

      2.      Disclosures of plaintiff's retained experts pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure are due by February 25, 2006.

      2.      Disclosures of defendant's retained experts pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure are due by February 25, 2006.

      3.      Depositions of each party's retained experts shall be completed by February 25, 2006.

      4.      Dispositive motions shall be filed on or before March 24, 2006; oppositions by April 14, 2006 and replies, if any, by April 28, 2006.

      5.      Counsel are required to confer in good faith in an effort to resolve all discovery disputes before bringing the dispute to the Court. If counsel are unable to resolve the discovery dispute, counsel shall arrange a telephone conference with the Court by contacting chambers. Counsel shall not file a discovery motion without a prior conference with the Court and opposing counsel.

      6.      Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, e.g., mediation or neutral evaluation, is encouraged and is available by request of the Court at any time, as is a settlement conference before a magistrate judge. If the case settles in whole or in part, plaintiff's counsel shall advise the Court by promptly filing a stipulation.

      7.      Counsel are reminded to comply with Local Civil Rule 7(m), which requires counsel to confer on all nondispositive motions prior to filing them with the Court. <u>See</u> LCvR 7. The party filing the motion shall include in its motion a statement that the required discussion occurred and a statement as to whether the motion is opposed.

SO ORDERED.

____________/s/______________________
PAUL L. FRIEDMAN
United States District Judge

DATE: February 24, 2006